SHANDONG HUARONG GENERAL GROUP CORP., Liaoning Machinery Import & Export Company, and Tianjin Machinery Import & Export Corp., Plaintiffs–Appellants,

v.

UNITED STATES, Defendant–Appellee,

and

O. Ames Company, Defendant.

No. 02–1095.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 10, 2003.

Rehearing and Rehearing En Banc Denied March 18, 2003.

Before BRYSON, LINN, and PROST, Circuit Judges.

PROST, Circuit Judge.

Shandong Huarong General Group Corporation ("Shandong"), Liaoning Machinery Import & Export Company ("LMC") and Tianjin Machinery Import & Export Corporation ("TMC") appeal the final judgment of the United States Court of International Trade dismissing the appellants' challenge to the final and amended final results of the United States Department of Commerce's ("Commerce's") administrative review of antidumping orders covering certain heavy forged hand tools from the People's Republic of China. *Shandong Huarong Gen. Corp. v. United States,* 177 F.Supp.2d 1304 (CIT 2001); *Shandong Huarong Gen. Corp. v. United States,* 159 F.Supp.2d 714 (CIT 2001). We have jurisdiction under 28 U.S.C. § 1295(a)(5). For the reasons discussed herein, we *affirm.*

The appellants manufacture heavy forged hand tools in China and export these tools to the United States. On February 11, 1999, Commerce published a notice of opportunity to request administrative review of the antidumping duty order covering heavy forged hand tools from China imported between February 8, 1998, and January 31, 1999. The appellants requested such a review for certain of their tools. Commerce issued a preliminary determination on March 8, 2000, classifying the steel bar used by appellants to make

their hand tools under Indian HTS Category 7214.10—"Other bars and rods of iron and non-alloy steel, not further worked than forged, hot-rolled, hot-drawn or hot-extruded, but including those twisted after rolling—Forged bars and rods." *See Heavy Forged Hand Tools, Finished or Unfinished, With or Without Handles, From the People's Republic of China; Preliminary Results and Partial Recission of Antidumping Duty Administrative Reviews,* 65 Fed. Reg. 12,202 (March 8, 2000). Appellants disagreed with this classification of their steel bar and, on April 19, 2000, Commerce held an administrative hearing to further consider the classification. Appellants argued at the hearing that classification under category 7214.10 was inappropriate because there was no evidence in the record that appellants' steel bar was forged. On July 13, 2000, Commerce published its final results, classifying appellants' steel bar in category 7214.10. *Notice of Final Results and Partial Recission of Antidumping Duty Administrative Reviews: Heavy Forged Hand Tools From the People's Republic of China,* 65 Fed. Reg. 43290 (July 13, 2000). On August 18, 2000, Commerce published amended results to correct a ministerial error and to classify appellants' steel bar in category 7214.10.09 in order to exclude spring steel, which appellants did not use. *Heavy Forged Hand Tools From the People's Republic of China; Amended Final Results of Antidumping Duty Administrative Reviews,* 65 Fed. Reg. 50499 (Aug. 18, 2000).

Appellants filed suit in the Court of International Trade to challenge classification of their steel bar in category 7214.10.09. The Court of International Trade affirmed Commerce's classification. *Shandong,* 159 F.Supp.2d at 723. However, the court noted that the

> evidence relied upon by Commerce is not overwhelming. The record evidence cited provides little more than the barest support for Commerce's conclusions.... The Court likely would have reached a different conclusion had this case been reviewed *de novo.* Nevertheless, despite its tenuous nature, the Court must conclude that *in toto* there is more than a "mere scintilla" of evidence supporting Commerce's determination.

*Id.* at 722–23. On appeal, appellants again argue that Commerce's decision is not supported by substantial evidence.

"When reviewing antidumping determinations made by Commerce, this court applies anew the standard of review applied by the Court of International Trade in its review of the administrative record." *Pesquera Mares Australes Ltda. v. United States,* 266 F.3d 1372, 1379 (Fed.Cir.2001). Commerce's determinations should be sustained unless they are "unsupported by substantial evidence on the record, or are otherwise not in accordance with law." *Id.*; 19 U.S.C. § 1516a(b)(1)(B)(i) (2000). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

The record evidence supporting Commerce's classification is as follows. On April 19, 1999, Commerce sent appellants questionnaires which included a request for a description of "each type and grade of material used in the production process." Commerce sent various supplemental questions to the appellants on November 19, 1999, and March 9, 2000. The responses to Commerce's questions indicate that LMC uses "scrap railroad wheels," Shandong uses "steel designated as # 45 or 1045 carbon steel," and TMC uses "1045 carbon steel" to make the subject merchandise. Commerce also sent questionnaires to Shandong Machinery

Import & Export Corporation ("SMC"), who is not a party to this appeal. SMC stated that it used "1045 carbon steel." Commerce then verified the information provided by SMC and TMC. During a tour of SMC's supplier factory, Commerce reviewed certain invoices, which showed that the 1045 carbon steel bar reported by SMC was classified under HTS category 7214.10. Based on this information, Commerce concluded that the 1045 steel bar used by appellants should likewise be classified under category 7214.10.

Appellants argue that there is no evidence in the record that they actually use forged steel, as stated in the description of category 7214.10. This particular issue was discussed at the April 19, 2000, administrative hearing, when one of the hearing examiners stated:

> I was wondering if you could please comment on why you think this category is not appropriate or why you do not think it is the best available information when we have verified one of the factories that used this input to produce [the] subject merchandise.

Appellants responded that there is no record that these are forged bars.

&ast; &ast; &ast; &ast; &ast; &ast;

> I think the question is, is the bar that is being used by the heavy forged hand tools, is that forged or not. In the spirit of honesty and cooperation, and so on, I would say that, on the record, I can't say that it says it is forged. I can't say that it is not forged, because I don't think that question was ever asked, nor answered.

Appellants further argue that there is no need for their factories to use forged steel bars because the factories do the necessary forging themselves.

Appellants are correct that the record does not contain any direct evidence that they use forged steel. But neither does the record contain any direct evidence that appellants do *not* use forged steel. The evidence supporting Commerce's classification is instead circumstantial, based on the fact that the 1045 carbon steel bar of another company was classified in category 7214.10. It does not seem unreasonable for Commerce to infer that the 1045 carbon steel bar used by other companies should be classified the same way. While perhaps this circumstantial evidence may not be as conclusive as a document or testimony that affirmatively states one way or another whether appellants' steel is forged, it is nevertheless relevant evidence that "a reasonable mind might accept as adequate to support [the] conclusion" that the 1045 carbon steel bar used by appellants should be classified in category 7214.10. *Cf. Consol. Edison*, 305 U.S. at 229.

Moreover, it was incumbent upon appellants to provide Commerce with accurate and complete information about its steel so that Commerce could make a proper classification. *See NSK Ltd. v. United States*, 919 F.Supp. 442, 449 (CIT 1996) (stating that "respondents have the burden of creating an adequate record to assist Commerce's determinations"). Commerce's classification must be based on "the best *available* information," 19 U.S.C. § 1677b(c)(1) (emphasis added), which ordinarily comes from answers to Commerce's questionnaires. "Where, however, a respondent fails to respond to Commerce's questions or fails to provide sufficiently detailed information, Commerce has been given the latitude to determine what constitutes the best information otherwise available." *Shandong*, 159 F.Supp.2d at 719. In this case, the only information available to Commerce was that appellants and SMC both used 1045 carbon steel bar and that SMC's steel was classified in category 7214.10. Absent any

evidence that appellants' steel was different from SMC's, Commerce's classification was reasonable based on the available information.

To help Commerce arrive at a better result, appellants could have provided more detailed information in response to Commerce's general questions about their raw materials. In addition, once appellants learned of the reason for Commerce's classification, appellants could have made some attempt to supplement the record with evidence that it did not use forged steel. Appellants argue that it was too late for them to supplement the record because the time period for submitting factual information had passed. *See* 19 C.F.R. § 351.301(b)(2) (2002). According to appellants, they could only supplement the record if Commerce had requested further information. *Id.* § 351.301(c)(2). However, appellants could have at least asked Commerce to request more information from the appellants according to § 351.301(c)(2). Indeed, the questions posed to counsel at the April 19, 2000, administrative hearing opened the door for appellants to request an opportunity to supplement the record.

We therefore affirm Commerce's classification of the steel used by appellants in HTS category 7214.10.09. While the evidence in this case is not overwhelming, Commerce used the evidence it had available to it to arrive at its classification. We agree with the Court of International Trade that this evidence is enough to allow a reasonable mind to conclude that the 1045 steel bar used by appellants is properly classified in category 7214.10.09.